CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 02 2023

LAURA A. AUSTIN, CLERK
BY: /s/ C. Sloan
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 5:14-cr-00007 |
| v. | ) |
| | ) By:   Michael F. Urbanski |
| TAURINO ALONSO MARIANO, | ) Chief United States District Judge |
| Defendant-Petitioner | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant Taurino Alonso Mariano's motions for compassionate release sought pursuant to 18 U.S.C. § 3582(c)(1)(A), one of which he filed pro se and the other which was filed on his behalf by the Federal Public Defender. ECF Nos. 231, 240. The government responded in opposition. ECF No. 245. For the reasons stated herein, the court will **GRANT in part** Mariano's motions and **REDUCE** his sentence from 240 months to 180 months.

### I. Background

On February 6, 2014, a Grand Jury returned an 8-count indictment charging Mariano and three codefendants with various offenses based on distribution of methamphetamine. Indictment, ECF No. 1. Mariano was charged with one count of conspiring to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). It was further alleged that one of the objects of the conspiracy was to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(B)(1)(A) (Count 1); and one count as principal and aider and abettor, knowingly and intentionally

distributing a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 7).

On March 20, 2014, the government filed an information notice of intention to rely upon a previous conviction for increased punishment as to Mariano, pursuant to 21 U.S.C. § 851.[1] The notice was based on Mariano's 1997 conviction in Orange County, California, for felony possession with intent to sell of a controlled substance. Information, ECF No. 67. Mariano was sentenced to three years and served approximately 18 months on those charges before being deported. Presentence Investigation Report (PSR), ECF No. 134 ¶ 37.

On July 21, 2014, Mariano entered into a plea agreement in which he pled guilty to Count 1 of the indictment, distributing and possessing with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Plea Agreement, ECF No. 76 at 1–2. As part of the agreement, Mariano stipulated that he was convicted on the drug charge in Orange County, California and the government agreed to not seek additional enhancement of his penalty range by reason of any other prior convictions. Id. at 3.[2]

With the § 851 increase in punishment, Mariano faced a statutory minimum and maximum sentence of 20 years to life. Based on a total offense level of 29 and a criminal history category of II, Mariano's guidelines range was 97 to 121 months. However, because of

---

[1] Section 851 provides the following: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851.

[2] The plea agreement was amended on July 29, 2024, to reflect that Mariano's given name is "Taurino." His name was listed as "Laureano" in the original plea agreement and in some other documents. Amended Plea Agreement, ECF No. 86.

2

the statutory minimum sentence, his guidelines range was 240 months. PSR, ECF No. 134 ¶¶ 48, 49. Without the § 851 enhancement, Mariano faced a 10-year statutory minimum term of imprisonment. 21 U.S.C. § 841(b)(1)(A). His guidelines range would have remained 97 to 121 months, or, with the statutory minimum, 120 to 121 months.

On December 11, 2014, Mariano was sentenced to a term of 240 months, to be followed by a 10-year period of supervised release. J., ECF No. 130. Mariano's projected release date is October 22, 2029.[3] Also, he is subject to deportation upon completing his sentence. Mot., ECF No. 240 at 10.

## II. ANALYSIS

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[3] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Taurino Alonso Mariano") (last viewed Sept. 26, 2023).

3

Accordingly, Mariano's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131.

Mariano submitted a compassionate release request to the warden at his facility on January 17, 2022, and received a response denying his request on January 25, 2022. ECF No. 235 at 2–3. He filed his motion for compassionate release more than 30 days later, on February 28, 2022, making this motion timely in accordance with § 3582(c)(1)(A). The government does not dispute that Mariano has satisfied this threshold requirement. Therefore, the court finds that Mariano has fully satisfied the statute's administrative exhaustion requirement.

### B. Extraordinary and Compelling Reasons

The court must next consider whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Mariano's case. 18 U.S.C. § 3582(c)(1)(A). In United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), the Fourth Circuit held that district courts may consider "any extraordinary and compelling

4

reason for [compassionate] release that a defendant might raise." Id. (citing United States v. Brooker, 976 F.3d 228, 239 (2d Cir. 2020)). In so holding, the court rejected the notion that district courts are constrained by the policy statement found in USSG § 1B1.13 and the application note that accompanies the policy statement. See discussion, McCoy, 981 F.3d at 280–84.

When Mariano was sentenced in 2014, he was subject to a 20-year minimum sentence under 21 U.S.C. § 841(b)(1)(A), because he had a prior felony drug offense. Mariano argues that if he were sentenced today, because the definition of the underlying predicate offense has changed, the statutory minimum sentence applied to him would be 120 months, rather than 240 months, and that the difference in the sentence he received in 2014 and the sentence he would receive today presents an extraordinary and compelling reason for a sentence reduction. In the alternative, Mariano argues that his minimum sentence would be 180 months today, regardless of the change in the definition of the underlying predicate offense.

### 1. Predicate Offense

Prior to the First Step Act, § 841(b)(1)(A) provided that if a person violated the statute "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." 21 U.S.C. § 841(b)(1)(A) (2010). The First Step Act amended the statute to provide that if a person violated the statute "after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years . . . ." 21 U.S.C. § 841(b)(1)(A) (2018) (emphasis added). Thus, two changes were made

to the statute: The underlying crime must now be a "serious drug felony," and the mandatory minimum sentence with a prior qualifying predicate was lowered to 15 years.

The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct related to narcotic drugs . . . ." 21 U.S.C. § 802(44). The term "serious drug felony" is defined at 21 U.S.C. § 802(57):

> The term "serious drug felony" means an offense described in section 924(e)(2) of Title 18 for which—
>
> (A) the offender served a term of imprisonment of more than 12 months; and
>
> (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

Looking at 18 U.S.C. § 924(e)(2),

> (A) the term "serious drug offense" means—
>
> . . .
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), <u>for which a maximum term of imprisonment of ten years or more is prescribed by law[.]</u>

(emphasis added).

Mariano was convicted of violating § 11351 of the California Health and Safety Code. At the time he was convicted, the statute provided for a sentence of 2, 3, or 4 years, and the state court sentenced him to 3 years. Cal. Health & Safety Code § 11351; State Court Guilty Plea Form, ECF No. 67-1 at 5. Thus, Mariano argues that because the state offense for which

6

he was convicted was not punishable by a maximum term of imprisonment of 10 or more years, if he were sentenced in federal court today under 21 U.S.C. § 841(b)(1)(A), his underlying state court offense could not be used to increase his sentence.

The government counters that Mariano's premise is flawed, because it is not accurate to say that at the time he was sentenced in California the statute allowed for a maximum term of imprisonment of 2, 3, or 4 years. Rather, the government argues that because Mariano had multiple prior offenses, he faced up to 47 years of incarceration in California. This is because in 1997, when Mariano was convicted, Cal. Health and Safety Code § 11370.2(a) provided that any person convicted under § 11351

> shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment.

Mariano had a total of fourteen previous convictions under §§ 11352(a), and 11351, for offenses which occurred in 1994, 1995, and 1996. State Court Guilty Plea Form, ECF No. 67-1 at 2–3.[4] Under § 11370.2(a), he faced a total sentence of 47 years, although he was sentenced to only 3 years. Id. at 5. Thus, the government argues that Mariano was convicted of a crime for which the maximum term of prison was more than 10 years, meaning his prior conviction would still be considered a predicate sentence after the First Step Act amendments to 18 U.S.C. § 841(b)(1)(A). The government acknowledges that in 2018, the state of California amended § 11370.2 and removed from the list of qualifying convictions the code section that could have

---

[4] All of the offenses were related to drug trafficking.

7

served to increase Mariano's sentence in 1997. See People v. Millan (2018), 20 Cal. App. 5th 450, 454–56, 228 Cal. Rptr.3d 647, 650–652. Nevertheless, the government argues that at the time Mariano was sentenced in California, his maximum term of imprisonment was greater than 10 years.

The government's interpretation of 18 U.S.C. § 924(e)(2)(A)(ii) is consistent with the Supreme Court's reading of the statute in United States v. Rodriguez, 553 U.S. 377, 382 (2008), where the Court held that the "maximum term of imprisonment ... prescribed by law," is determined by taking into account recidivist enhancements. Applying the Court's analysis in Rodriguez to Mariano's case, § 924(e)(2)(A)(ii) contains "three key statutory terms: 'offense,' 'law,' and 'maximum term.'" Rodriguez, 553 U.S. at 382. In Mariano's case, the "offense" is a violation of Cal. Health and Safety Code § 11351. The relevant "law" is set out both in that section of the statute, which provides for a sentence of 2, 3, or 4 years, and in § 11370.2(a), which provides for an increased penalty for defendants with previous convictions. Thus, the "maximum term" Mariano could have been assessed was 47 years, given his uncontested prior convictions. See Rodriguez, 553 U.S. at 383. This reading of the statute applies "even where the sentence that was imposed did not exceed the top sentence allowed without any recidivist enhancement." Id. at 389.

Accordingly, because Mariano faced a maximum sentence of 47 years under his statute of conviction and the recidivist statute, his underlying state court conviction would still be considered a predicate offense under § 851 because it is a "serious drug felony" as defined in § 841(b)(1)(A) after passage of the First Step Act. Accordingly, he would not be entitled to a statutory minimum sentence of 10 years and therefore cannot show an extraordinary and

compelling reason for a sentence reduction based on the change in the language of the statute describing the predicate offense.

### 2. Change in Mandatory Minimum Sentence

While Mariano cannot show that if he were sentenced today under § 841(b)(1)(A) his mandatory minimum sentence would be 120 months, his statutory minimum sentence after the First Step Act would be 180 months, because the First Step Act lowered the mandatory minimum sentence from 240 months to 180 months, even for defendants with a qualifying prior offense. See 21 U.S.C. §841(b)(1)(A) (2018). In McCoy, 981 F.3d at 285–86, the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that would be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release.[5]

The government argues that the disparity between the sentence Mariano received in 2014 and the sentence he would receive for the same conduct today is not an extraordinary and compelling reason to reduce his sentence. It claims that non-retroactive changes in sentencing law are not necessarily extraordinary and compelling and that a defendant must show that his circumstances are beyond what is "usual, customary, regular, or common." Resp., ECF No. 245 at 3–6 (citing Black's Law Dictionary, (11th ed. 2019)). But McCoy made clear that in the context of "stacked" sentences imposed under 18 U.S.C. § 924(c), "the enormous disparity between [the original] sentence and the sentence a defendant would receive today can constitute an 'extraordinary and compelling' reason for relief under §

---

[5] In McCoy, one petitioner originally was sentenced to just over 35 years and his sentence was reduced to time served, or approximately 17 years. The three other petitioners were sentenced to 45 years and their sentences were reduced to time served, or approximately 25 years. McCoy, 981 F.3d at 277-79.

9

3582(c)(1)(A).'" McCoy, 981 F.3d at 285. This court and others have applied the McCoy reasoning when considering motions for compassionate release founded on the claim that a defendant would no longer be subject to a longer sentence based on a § 851 enhancement. See, e.g., United States v. Spruhan, No. 5:13-cr-00030, 2023 WL 4186365 (W.D. Va. June 26, 2023); United States v. Gamboa, No. 2:08-cr-00151-2, 2022 WL 275528 (S.D.W.V. Jan. 28, 2022) (quoting United States v. Johnson, No. 2:07-cr-0924, 2021 WL 2379474 (D.S.C. June 10, 2021)) ("[T]he logic 'espoused in McCoy ... applies with equal force to the similar disparities brought about by the First-Step-Act changes to [21 U.S.C.] §§ 841 and 851.'"); United States v. Richards, No. 3:11-CR-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021) (quoting United States v. Stuart, No. 5:92-CR-114-BR-3, 2020 WL 7232074, at *3 (E.D.N.C. Dec. 8, 2020) ("Following McCoy, other district courts in this Circuit have found that they 'may consider changes in sentencing law—even nonretroactive one—in assessing whether a defendant has shown extraordinary and compelling reasons warrant a reduction in his sentence.'"); Babb v. United States, No. ELH-04-0190, 2021 WL 2315459, at *12 (D. Md. June 4, 2021) (concluding that court has authority under McCoy to consider legislative change to § 851 in conducting review of motion for compassionate release); United States v. Lii, 528 F. Supp.3d 1153 (D. Haw. Mar. 23, 2021) (applying reasoning in McCoy to reduce a life sentence based on two prior state court convictions for relatively minor drug offenses); and United States v. Williams, No. 5:12cr14, 2020 WL 5834673 (W.D. Va. Sept. 30, 2020) (same).

Additionally, the fact that the difference in the two sentences is five years, and not the larger differences cited in McCoy, is not dispositive. This court found in United States v. Shaw, No. 5:15-cr-00025, 2021 WL 3007266 (W.D. Va. July 15, 2021), that a sentencing disparity of

22 months was an extraordinary and compelling reason to grant a sentence reduction. Other courts have found similar differences in sentences to qualify as "extraordinary and compelling reasons" to reduce a sentence. See United States v. Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021) (finding sentence more than three years longer than it would have been were defendant convicted today to be an extraordinary and compelling reason for compassionate release); and United States v. Brown, No. 3:15-cr-00017, 3:06-cr-00021, 2021 WL 2389881, at *10 (W.D. Va. June 11, 2021) (finding 74-month difference in sentence defendant would have received if sentenced today to be a "gross disparity" and thus an extraordinary and compelling reason to warrant a sentence reduction). Considering these cases, the court finds that the disparity between Mariano's current sentence and the sentence he would likely be given for the same conduct today meets the threshold discussed in McCoy and is an "extraordinary and compelling" reason to warrant a sentence reduction under § 3582(c)(1)(A).

The government also argues that a defendant should not raise a sentencing challenge in a motion for compassionate release but rather in a motion for habeas corpus brought under 28 U.S.C. § 2255. The Fourth Circuit addressed this issue in United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022). In Ferguson, the defendant was sentenced to 765 months of imprisonment for drug trafficking and possession of a firearm in furtherance of a drug trafficking crime. The firearm conviction carried a mandatory minimum 30-year sentence under 18 U.S.C. § 924(c). Ferguson, 55 F.4th at 265. Ferguson filed a pro se motion for compassionate release in the district court, claiming that he was at heightened risk for COVID-19 because of asthma and high blood pressure. He also argued that he should not have been

sentenced to the mandatory minimum sentence on the firearm charge because the indictment did not allege that he possessed a silencer. Id. at 266. Later, represented by counsel, Ferguson filed an amended motion, arguing that the district court failed to instruct the jury that possession of the silencer was an element of the offense, the government failed to inform the defendant of the applicable penalty on one of his counts at arraignment, the guidelines range was calculated incorrectly, and his trial counsel was ineffective for several reasons. Id.

The district court denied the motion for compassionate release, finding that Ferguson's arguments were in substance a collateral attack on his convictions and sentence and noting that the proper vehicle for bringing such a challenge was a 28 U.S.C. § 2255 motion. Id. at 269. The court held that, as a matter of law, arguments challenging the validity of a conviction or sentence could not constitute an extraordinary and compelling reason warranting compassionate release. Id.

The Fourth Circuit affirmed on appeal. The court first noted that district courts are not bound by the application notes in USSG § 1B1.13 when a defendant files a motion for compassionate release on his own behalf. Id. at 270 (citing McCoy, 981 F.3d at 280). Rather, district courts are "'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. (citing McCoy, 981 F.3d at 284). Nevertheless, despite the defendant's argument that his "unlawful conviction" was an extraordinary and compelling reason for compassionate release, the Fourth Circuit concluded that Ferguson's attempt "to collaterally attack his convictions and sentence via a compassionate release motion ignore[d]the established procedures for doing so." Id. It is well-established that the exclusive remedy for challenging a federal conviction or sentence after the conclusion of the time for a

12

direct appeal is a motion brought under 28 U.S.C. § 2255. Id. Only if § 2255 appears inadequate or ineffective may a federal prisoner seek a writ of habeas corpus under § 2241. Id.

The court distinguished the facts and procedural posture of Ferguson from that of the defendants in McCoy and in United States v. Zullo, 976 F.3d 228 (2d Cir. 2020):

> Appellant compares the arguments in his compassionate release motion to those made by the defendants in United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), and United States v. Zullo, 976 F.3d 228 (2d Cir. 2020), which we cited favorably in McCoy, but those comparisons are inapt. The defendants in McCoy argued that a change in the sentencing law that occurred after their sentencings (but did not apply retroactively) merited a reduction in their sentences to conform to that change. 981 F.3d at 275. And the defendant in Zullo argued that he qualified for a sentence reduction pursuant to § 3582(c)(1)(A) due to "his (apparently extensive) rehabilitation," his "age at the time of the crime[,] and the sentencing court's statements about the injustice of his lengthy sentence." 976 F.3d at 238. By contrast, the arguments Appellant makes in his § 3582(c)(1)(A) motion constitute quintessential collateral attacks on his convictions and sentence that must be brought via § 2255. Appellant's arguments are clearly different in kind from the arguments made by the defendants in McCoy and Zullo because they would require the district court, in determining whether "extraordinary and compelling reasons" for compassionate release exist, to evaluate whether Appellant's convictions -- and particularly his conviction on Count Seven -- were valid. "Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate [their] sentence pursuant to 28 U.S.C.[ ] § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Ferguson, 55 F.4th at 271.

Mariano's case is like that of the defendants in McCoy. He is not arguing that his original conviction or sentence is unlawful as the defendant did in Ferguson. Rather, he is arguing that a change in sentencing law that occurred after he was sentenced but that did not

13

apply retroactively is an extraordinary and compelling reason warranting compassionate release.

In considering similar responses by the government to motions for compassionate release, several district courts in the Fourth Circuit have concluded that defendants asserting post-sentence changes in law as a ground for compassionate release are not barred by Ferguson. See United States v. Jackson, No. 7:16CR00033-002, 2023 WL 3480900, at *2 (W.D. Va. May 16, 2023) (Jones, J.) ("Although a defendant cannot challenge the validity of his original conviction or sentence through a compassionate release motion, Ferguson, 55 F.4th at 272, I may consider intervening changes in the law along with sentencing disparities caused by such changes in exercising my discretion in assessing whether extraordinary and compelling circumstances exist."); United States v. Brice, No. SAG-07-0261, 2023 WL 2035959, at *2 (D. Md. Feb. 16, 2023) (rejecting government's argument that Ferguson barred a compassionate release claim where the defendant asserted that post-sentencing changes in law satisfied the "extraordinary and compelling" standards); and United States v. Hernandez, No. 5:15-cr-00033, 2022 WL 17905070, at *3 n.1 (S.D.W.V. Dec. 22, 2022) (finding defendant's challenge to career offender enhancement was properly considered in a motion for compassionate release because it did not constitute a collateral attack on his sentence). Accordingly, because Mariano is not collaterally attacking his original sentence but rather is asserting that a change in law since he was sentenced would result in a substantially shorter sentence if he were sentenced today, his motion is not barred by Ferguson.

The court finds that the 5-year disparity between Mariano's current sentence and the sentence he would likely be given for the same conduct today, meets the threshold discussed

14

in McCoy, and is an "extraordinary and compelling" reason to warrant a sentence reduction under § 3582(c)(1)(A).

### C. 18 U.S.C. § 3553(a) Factors

Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Looking first at the nature and circumstances of the offense, Mariano participated in a conspiracy that trafficked methamphetamine in West Virginia and Virginia. Mariano made methamphetamine deliveries for his brother, who was one of his co-defendants. PSR, ECF No. 134 ¶¶ 6–14. Mariano was held responsible for trafficking 205.5 grams of actual methamphetamine. Id. ¶ 14. The court is familiar with the destruction wrought in communities by methamphetamine distribution and although Mariano appeared to play a minor role in the conspiracy, his participation weighs against reducing his sentence.

Turning to the history and characteristics of the defendant, Mariano is a native of Mexico and told his United States Probation Officer that he was raised in poverty and often did not have enough food to eat. Id. ¶ 39. He reported completing the sixth grade in Mexico and has limited language skills in English and Spanish. Id. ¶ 45. He described himself as a regular abuser of methamphetamine and heroin. Id. ¶ 44. Mariano's criminal history involves convictions for entering the United States illegally and selling and transporting illegal drugs, but he has never been convicted of a violent offense. Id. ¶¶ 30–38. Based on a total of 3 criminal history points, he had a criminal history category of II. Id. ¶ 35.

Since being incarcerated, Mariano has been found guilty in disciplinary proceedings of refusing to obey an order, having an altercation with another inmate over a card game, possessing an unauthorized item, and using a cell phone. Inmate Disciplinary Data, ECF No. 240-1. On the other hand, he has completed his GED, taken other classes, and participated in prison religion classes. He is classified as being at low risk for recidivism. Id. at 3–4.

Looking at Mariano's history and characteristics as a whole, although he has broken the law repeatedly, he comes from an impoverished background and has limited skills with which to earn a living. Also, his institutional record, while not perfect, is not egregious. These factors taken together are neutral in the assessment of Mariano's request for a sentence reduction.

Looking next at the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, the court finds that a sentence of 180 months is sufficient to meet these goals. A sentence of 180 months is substantial, and the court does not believe that additional time is necessary to achieve the punitive and deterrent goals of punishment. Nor does the court find that additional time is necessary to provide Mariano with educational or vocational training, medical care, or other correctional treatment.

Looking at the kinds of sentences available and the applicable guidelines range, as discussed above, Mariano would face a statutory mandatory minimum sentence of 180 months for his offense if he were sentenced today, and his guidelines range would be 97 to 121 months,

increased to 180 months because of the mandatory minimum sentence. PSR, ECF No. 134 ¶ 49. Congress set the statutory mandatory minimum sentence at 20 years for trafficking the amount of methamphetamine for which Mariano was convicted when accompanied by a prior qualifying conviction. At sentencing, the court commented:

> I realize that [240 months is] a lot of time. We all do. Everybody in this room knows that. But the United States Congress who makes the laws has indicated that for a drug crime that involves 500 grams or more of a mixture or substance of methamphetamine, when the defendant has a prior conviction, the least sentence I can give you is 20 years.

Sent. Tr., ECF No. 177 at 8. Considering that Congress has now reduced the mandatory minimum sentence to 15 years for defendants in Mariano's position, the court finds that the reduction in the statutory sentence supports the conclusion that reducing Mariano's sentence is appropriate under the circumstances of his case.

Finally, considering the need to avoid unwarranted sentencing disparities, the court notes that Mariano received the highest sentence in the conspiracy although he arguably played a minor role. His 20-year sentence was driven by the § 851 enhancement based on his prior conviction, and as discussed above, Congress has now lowered that mandatory minimum sentence. If Mariano's sentence is reduced to 180 months, it will still be the highest sentence assessed on the defendants in the conspiracy, with the next highest sentence being 168 months and the remaining sentences being 96 months and 36 months, respectively. Thus, reducing Mariano's sentence to 180 months does not create an unwarranted sentencing disparity

between him and his codefendants as his sentence is still higher than that of his codefendants. None of the other factors weigh in favor or against a sentence reduction.

After considering the parties' arguments and the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Mariano's case. Given the circumstances of this case, including Mariano's history and characteristics, and the changes in 18 U.S.C. § 841(b)(1)(A) brought about by the First Step Act, the court concludes that a sentence of 180 months is appropriate. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of Mariano's conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public.

### III. Conclusion

For the above-stated reasons, the court will **GRANT in part** Mariano's motions for compassionate release, ECF Nos. 231, 240, and reduce his sentence to 180 months, to be followed by a 10-year term of supervised release. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: October 2, 2023

Michael F. Urbanski
Chief United States District Judge